**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **KENNETH ISAAC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **CIVIL ACTION 16-0179-WS-C** |
| | ) |
| **WAL-MART STORES EAST, LP,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This closed matter comes before the Court on defendant's Bill of Costs (doc. 52). The costs for which defendant seeks reimbursement consist of $993.35 in court reporter fees spanning four depositions, and $23.10 in photocopy charges, for a total of $1,016.45.

Plaintiff, Kenneth Isaac, brought this action against defendant, Wal-Mart Stores East, LP, asserting claims of disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* On December 7, 2017, the undersigned entered an Order (doc. 50) and Judgment (doc. 51), granting summary judgment in Walmart's favor on all claims and causes of action. On December 11, 2017, within the time frame specified by Civil L.R. 54(a)(1), Walmart filed a Bill of Costs itemizing certain deposition transcription fees and document copying charges for which it seeks reimbursement. The Bill of Costs was accompanied by a declaration by defendant's counsel of record, as required by 28 U.S.C. § 1924, to the effect that these costs were correct, that they were necessarily incurred in this action, and that the services for which fees have been charged were actually and necessarily performed.

Pursuant to Rule 54(d), Fed.R.Civ.P., the general rule is that costs "should be allowed to the prevailing party." *Id.* However, this rule does not confer upon district courts unfettered discretion to "tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Rather, statutory authorization is a necessary condition to the shifting of costs. *See West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 86, 111 S.Ct. 1138,

113 L.Ed.2d 68 (1991); *see also U.S. Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) ("a court may only tax costs as authorized by statute"). "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920" in awarding costs to a prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

With regard to deposition transcripts, the relevant statute provides that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Deposition transcript fees are not recoverable if they were incurred "for convenience, to aid in thorough preparation, or for purposes of investigation only." *W&O*, 213 F.3d at 620 (citations omitted); *see also Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 202 (D.N.J. 2010) ("Costs for depositions obtained for the convenience of counsel or for investigatory or discovery purposes, which are not used or intended for use at trial, may not be taxed.") (citation omitted). Here, Walmart seeks taxation of costs relating to the deposition transcripts of Kenneth Isaac, Ashley Churchman, Brian Wilson and Randy Scott Johnson. Defendant used and relied on each of those deposition transcripts in briefing its Rule 56 Motion, and submitted excerpts of same in support of that motion.[1] Such deposition transcript fees (in the total sum of **$993.35**) are properly taxable as costs because these transcripts were necessarily obtained by Walmart for use in the case. *See W&O*, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.") (citation and internal quotation marks omitted).

The statute also allows for taxation as costs of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). As to this category, defendant requests an award of costs (albeit without providing any back-up documentation) in the amount of $23.10 for exemplification and copies of a single copy of Walmart's summary judgment motion, principal brief, evidentiary submission,

---

[1]     Also, all of those deposition transcript fees are duly confirmed and documented by invoices appended to the Bill of Costs. *See generally Matusick v. Erie County Water Authority*, 774 F. Supp.2d 514, 533 (W.D.N.Y. 2011) ("only those deposition transcripts confirmed by invoice should be taxed as costs"); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp.2d 696, 709 (E.D. La. 2009) ("[a] party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred").

and reply brief, totaling 154 pages at $0.15 per page. The shortcoming in defendant's showing on this category of costs, however, is that there is no indication that a copy of these materials was ever "necessarily obtained for use in the case." As is commonplace in modern federal practice (and indeed required by the terms of General L.R. 5(b)), Walmart electronically filed its summary judgment papers; therefore, there was no need for exemplification or copying to effectuate the filing process. Walmart never provided a courtesy copy of any of these materials to the undersigned's chambers. Nor is there any indication that Walmart ever furnished a paper copy of its summary judgment filings to plaintiff's counsel. As such, the Bill of Costs leaves unanswered the question of why a complete set of copies of defendant's summary judgment materials was made, much less how such copies might be deemed "necessarily obtained for use in the case." Accordingly, the requested costs for fees for exemplification and copies of papers are **disallowed**, and will not be taxed against plaintiff. *See generally Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009) ("Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable."); *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002) ("the burden is on the party seeking costs … to establish the amount of compensable costs and expenses to which it is entitled").

For all of the foregoing reasons, costs are hereby **taxed** against plaintiff pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1), Fed.R.Civ.P., in the total amount of **$993.35**.

DONE and ORDERED this 28th day of December, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE